UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO C. P.,[1] <br><br> Petitioner, <br><br> v. <br><br> WARDEN, GOLDEN STATE ANNEX; TODD M. LYONS, ACTING DIRECTOR, ICE; KRISTI NOEM, SECRETARY, DHS, <br><br> Respondents. | No.  1:26-cv-01087-JLT-SKO (HC) <br><br> **FINDINGS AND RECOMMENDATION TO GRANT PETITION** <br><br> **[10-DAY DEADLINE]** |

Petitioner Francisco C. P. is an immigration detainee proceeding with a petition for writ of habeas corpus. (Doc. 1.) The Court has previously addressed the legal issues raised by the petition. See, e.g., J.S.H.M. v. Wofford, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); Ortiz Donis v. Chestnut, No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); M.R.R. v. Chestnut, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025).

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

On February 10, 2026, the Court ordered Respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in the cases cited above that would justify denying the petition. (Doc. 5.) On February 16, 2026, Respondents filed a response in which they advised that the instant case was not substantively distinguishable from the cases identified above. (Doc. 8.) Nevertheless, Respondents disagree with the Court's statutory interpretation in those cases.

As Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in J.S.H.M. v. Wofford, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); Ortiz Donis v. Chestnut, No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); M.R.R. v. Chestnut, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025), the Court will recommend the petition for writ of habeas corpus be GRANTED for the reasons stated in those prior orders.

**RECOMMENDATION**

Accordingly, the Court hereby RECOMMENDS that Respondents be ORDERED to release Petitioner immediately and that Respondents be ENJOINED AND RESTRAINED from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page

number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:    **February 17, 2026**                        /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE