# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO C. P., | No. 1:26-cv-01087 JLT SKO (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART (Doc. 10) |
| v. | |
| WARDEN, GOLDEN STATE ANNEX; TODD M. LYONS, ACTING DIRECTOR, ICE; KRISTI NOEM, SECRETARY, DHS, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH SUBSTANTIVE BOND HEARING; DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| Respondents. | |

Petitioner Francisco C. P. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Petitioner claims to be a long-time resident of the United States who is married and pursuing lawful permanent residence through Adjustment of Status, including under 8 U.S.C. § 1225(i). (Doc. 1 at 3.) Petitioner does not claim to have interacted with the immigration process upon arrival, nor does he appear to have been released on bond or recognizance at any time in the past. At some point in November 2025, Petitioner voluntarily appeared at the USCIS Fresno Field office for a scheduled Adjustment of Status interview, at which time Petitioner was taken into custody. (*Id.*) Respondents insist he is subject to 8 U.S.C. § 1225's mandatory detention

1

procedures and that he is not eligible for a bond hearing. (Doc. 8 at 1.)

On February 18, 2026, the assigned Magistrate Judge issued Findings and Recommendations to grant the petition and order Respondents to immediately release Petitioner. (Doc. 10.) The Court served the Findings and Recommendations on all parties and notified them that any objections were due within 10 days. (Doc. 10.) More than ten days have passed, and no party has filed objections.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court agrees that the Petition should be granted but departs from the Findings and Recommendations as to the appropriate remedy. Instead, the Court adopts the reasoning set forth in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), which explains why persons in Petitioner's situation, i.e., those who entered the United States without permission long ago and have resided here for many years without interacting with the immigration system, are not subject to mandatory detention under § 1225(b)(2). In *Crispin*, the petitioner was granted immediate release considering that the only basis for detention argued by Respondents was § 1225(b)(2). *Id*. at *7. However, the Court believes a substantive bond hearing is the appropriate remedy under these circumstances, where Petitioner has never received a formal determination as to his flight risk or danger to the community. *See Victor Hugo Haro Gomez v. Mark Bowen*, No. 5:26-CV-00349-AH-RAO, 2026 WL 288901, at *2 (C.D. Cal. Jan. 30, 2026) (adopting reasoning of *Maldonado Bautista* and ordering bond hearing); *cf M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446, at *11 (E.D. Cal. Nov. 24, 2025) (finding post deprivation bond hearing is appropriate remedy for due process violation where petitioner who was on parole was redetained by immigration authorities for a supervision violation).

Based upon the foregoing, the Court **ORDERS**:

1.    The Findings and Recommendations issued on February 18, 2026, (Doc. 10) are **ADOPTED** in part.

2.    The petition for writ of habeas corpus is **GRANTED**.

    a.  Respondents **SHALL** provide Petitioner a *substantive* bond hearing **no later**

2

**than March 17, 2026,** at which the Immigration Judge will determine whether Petitioner poses a risk of flight or a danger to the community if he is released.[1]

    b.  At any such hearing, the Government **SHALL** bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner **SHALL** be allowed to have counsel present.

    c.  If no such hearing is provided by the deadline, or any adjusted deadline agreed to by the parties, Respondents **SHALL** release Petitioners.

3.    The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated:   **March 3, 2026**

_____
UNITED STATES DISTRICT JUDGE

---

[1] This order is not intended to override Respondents' authority to mandatorily detain Petitioner under any provision other than § 1225(b)(2), should doing so be statutorily authorized **and** consistent with the interpretation of this section as articulated by the undersigned.

3